Russell G. Wheeler (RW0687)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EILEEN STAPLETON, | Civil Action No. |
| Plaintiff, | |
| v. | COMPLAINT |
| C.T. LOWNDES & COMPANY, TINA ROLLINS, in her individual capacity, and SARAH LOWNDES, in her official capacity, | |
| Defendants. | |

1.      Plaintiff Eileen Stapleton, by and through her attorneys Charny & Wheeler P.C., brings this Complaint against Defendants and in support thereof states as follows:

<u>NATURE OF THE ACTION</u>

2.      This is an action for damages and other relief against defendant C.T. Lowndes & Company (herein Corporate Defendant) under the Americans with Disabilities Act, against Corporate Defendant and defendants Tina Rollins (herein Defendant Rollins) and Sarah Lowndes (herein Defendant Lowndes) under Article 15 of the New York Executive Law, all based upon Corporate Defendant's and Defendants Lowndes' failure to accommodate Plaintiff's disability and upon Corporate Defendant's and Defendants Lowndes' unlawful termination of Plaintiff from employment because of her disability, record of disability, because Defendants

1

perceived Plaintiff as disabled, and/or because Plaintiff engaged in a protected activity with regard to her disability, all as aided and abetted by Defendant Rollins.

<u>JURISDICTION AND VENUE</u>

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that Plaintiff's claims are brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12117 and 42 U.S.C. § 1981a.  Supplemental jurisdiction over Plaintiff's state law claims by pursuant to 28 U.S.C. § 1367.

4.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) as Corporate Defendant resides within the Eastern District of New York within the meaning of 28 U.S.C. § 1391(c)(2) and because Defendant's unlawful discrimination and retaliation against Plaintiff occurred in Long Beach, New York, within the Eastern District.

<u>PARTIES</u>

5.     Plaintiff Eileen Stapleton (herein Plaintiff) is a fifty-six (56) year-old female who resides in Long Beach, New York.

6.     Upon information and belief, at all times relevant herein, Corporate Defendant is a for-profit business corporation organized and existing under the laws of South Carolina and having a principal place of business located upon information and belief in Charleston, South Carolina.

7.     Upon information and belief, at all relevant times, Corporate Defendant is registered with the New York State Department of State as a foreign business corporation in the County of Queens, within the Eastern District of New York.

8.     Upon information and belief, at all times relevant herein, Corporate Defendant operated as an independent insurance broker providing a range of personal and commercial insurance products.

9.     Upon information and belief, at all times relevant herein, Corporate Defendant is licensed to and does operate in twenty (20) states, including New York.

10.     Upon information and belief, at all times relevant herein, Corporate Defendant employed in excess of fifteen (15) employees.

11.     Upon information and belief, at all relevant times, Defendant Rollins was employed by Corporate Defendant as Office - Processing Center Manager in Charleston, South Carolina.

12.     Upon information and belief, Defendant Rollins currently resides in South Carolina.

13.     Upon information and belief, at all times relevant herein, Defendant Lowndes was employed by Corporate Defendant as Human Resources Officer for Corporate Defendant in Charleston, South Carolina.

14.     Upon information and belief, at all times relevant herein, Defendant Lowndes had the power to hire and fire employees of Corporate Defendant, supervised and controlled the work schedules of employees of Corporate Defendant, determined the rate and method of payment of employees of Corporate Defendant, and maintained employment records on behalf of Corporate Defendant as to its employees.

15.     At all times relevant herein, Defendant Lowndes was an employer within the meaning of N.Y. Executive Law § 296(1).

16.     Upon information and belief, Defendant Lowndes currently resides in Charleston, South Carolina.

FACTS

17.     Beginning in March 2018, Corporate Defendant employed Plaintiff at one of its locations within South Carolina.  At no time during her employment was Plaintiff the subject of discipline or criticisms of poor job performance.

18.     Plaintiff thereafter moved to Long Beach, New York and on or about May 28, 2019 was hired by Corporate Defendant as a Commercial Lines Assistant (herein "CLA") working remotely from Long Beach, New York at Corporate Defendant's location in Goose Creek, South Carolina.

19.     Throughout her tenure as a CLA, Corporate Defendant communicated with Plaintiff at her home in New York State through Defendants Rollins and Lowndes by way of telephone, email, Skype and electronic messages to assign work, monitor her performance, coordinate scheduling, and administer the terms and conditions of her employment.

20.     In or about Summer 2019, Plaintiff began experiencing a variety of physical symptoms, including anxiety and fatigue, and began making unusual and minor but apparent errors in her work product for Corporate Defendant.

21.     Notwithstanding the above-described errors in her work product, at relevant time did Plaintiff's physical symptoms prevent her from performing the essential functions of her position with Corporate Defendant.

22.     On or about September 17, 2019, Defendant Lowndes thereafter spoke to Plaintiff about the errors in work product, which Defendant Lowndes attempted attributed to Plaintiff's stress level.

23.     Plaintiff responded that she was not feeling stressed and suspected that there was an issue with physical health that was responsible for her errors.

24.     Defendant Lowndes encouraged Plaintiff to slow down and take more time to perform and check her work, enrolled Plaintiff in an online training program, and advised that she would check in with Plaintiff in approximately two to three weeks.  Plaintiff agreed.

25.     Over the following weeks, Plaintiff's experienced an increase in physical symptoms and continued to make minor errors in her job performance and work product.

26.     In early October 2019, Plaintiff experienced a significant increase in physical symptoms, including heart palpitations and hearing loss, for which she immediately sought medical treatment.

27.     On or about October 19, 2019, Plaintiff was diagnosed with Graves' Disease, an immune system disorder that causes neurological symptoms including anxiety, tremors, fatigue, and palpitations.

28.     At all relevant times, Plaintiff's Graves' Disease interfered with one or more major life activity, including but not limited to performing manual tasks, seeing, hearing, eating, sleeping, lifting, bending, speaking, breathing, concentrating, thinking, communicating, and working.

29.     At all relevant times, Plaintiff's Graves' Disease interfered with one or more major bodily function, including function of the auditory, immune, circulatory, endocrine, and neurological systems.

30.     At no relevant time did Plaintiff's Graves' Disease or its manifested symptoms prohibit Plaintiff from performing the essential function of her position with Corporate Defendant with reasonable accommodation.

31.     Plaintiff immediately began treatment for her condition and her symptoms quickly responded.

32.     On or about October 23, 2019, Defendant Rollins contacted Plaintiff by Skype message to "check in."

33.     Plaintiff advised of her diagnosis of Graves' Disease and treatment for same, which to date included thyroid and heart medication.

34.     Defendant Rollins responded that she had observed Plaintiff "taking things slower" and that Plaintiff's "documents were a little behind so I figured something was going on just didn't know this was going on."

35.     Defendant Rollins then asked if Graves' Disease is treatable, to which Plaintiff responded that she understood it to be.

36.     At no point during her October 23, 2019 communication with Plaintiff did Defendant Rollins bring up the issue of Plaintiff's job performance or errors in her work product.

37.     At or about 11:11 a.m. on October 24, 2019, Plaintiff later that day advised Defendant Rollins that she would need an extra hour of lunch time for a medical appointment and that she would make up any missed time.  Defendant Rollins granted the request.

38.     At or about 11:32 a.m. the same day, Defendant Rollins replied to an email that Defendant Lowndes sent to her on October 8, 2019 in which Defendant Lowndes stated that she had not seen many emails concerning Plaintiff's performance issues and asked if Plaintiff's performance was improving.  Upon information and belief, Defendant Rollins had not previously responded to Defendant Lowndes' inquiry.

39.     In her reply, Defendant Rollins told Defendant Lowndes that there had been no improvement in Plaintiff's job performance and that Plaintiff was "having some medical issues. . . ."

40.     The following day, on or about October 25, 2019, Defendant Lowndes telephoned Plaintiff at her home in New York.  Based on her conversations with Defendant Rollins on the two preceding days, Plaintiff expected that Defendant Lowndes had called to discuss her medical diagnosis and treatment in relation to her job and job performance and/or the need for additional accommodations.

41.     Instead, Defendant Lowndes stated that Plaintiff was still behind in her work and making mistakes.

42.     Now assuming that Defendant Rollins had not shared with Defendant Lowndes Plaintiff's diagnosis and treatment, Plaintiff advised of her Graves' Disease diagnosis and her understanding that the work product and performance issues to which Defendant Lowndes was referring were a manifestation of her symptoms, which were even then responding to treatment.

43.     Defendant Lowndes responded, "It's a big book of business and we need someone who can keep up," before summarily terminating Plaintiff's employment.

44.     Plaintiff pleaded with Defendant Lowndes to reconsider and to allow her the opportunity to continue to address through treatment the symptoms of her Graves' Disease and the attendant impact on her work performance.   Defendant Lowndes refused.

<u>EEOC AUTHORIZATION TO COMMENCE THIS ACTION</u>

45.     On or about February 24, 2021 Plaintiff filed a charge of disability discrimination and retaliation against Corporate Defendant with the Equal Employment Opportunity Commission (EEOC).

7

46. The EEOC issued Plaintiff a Notice of Right to Sue on or about June 4, 2021.

47. Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue.

## JURISDICTIONAL ALLEGATIONS

48. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

49. At all times relevant herein, Corporate Defendant and Defendant Lowndes committed a tortious act or acts, to wit, the unlawful termination of Plaintiff from employment because of her disability, record of disability, because they perceived Plaintiff as disabled, and/or because Plaintiff engaged in a protected activity with regard to her disability.

50. At all times relevant herein, Defendant Rollins aided and abetted Corporate Defendant's and Defendant Lowndes' unlawful termination of Plaintiff from employment because of her disability, record of disability, because they perceived Plaintiff as disabled, and/or because Plaintiff engaged in a protected activity with regard to her disability.

51. At all times relevant herein, Defendants' unlawful termination of Plaintiff from employment because of her disability, record of disability, because they perceived Plaintiff as disabled, and/or because Plaintiff engaged in a protected activity with regard to her disability would constitute an unlawful discriminatory practice if committed within the State of New York.

52. At all times relevant herein, Defendants' termination of Plaintiff from employment because of her disability, record of disability, because they perceived Plaintiff as disabled, and/or because Plaintiff engaged in a protected activity with regard to her disability had an impact within the State of New York.

53.     Upon information and belief, at all times relevant herein, Corporate Defendant provides insurance services to clients in New York, including within the Eastern District of New York.

54.     Upon information and belief, at all times relevant herein, Corporate Defendant contracts to supply services within the State of New York, including within the Eastern District of New York.

55.     Upon information and belief, at all times relevant herein, Corporate Defendant regularly does and solicits business within the State of New York, including within the Eastern District of New York.

56.     Upon information and belief, at all times relevant herein, Corporate Defendant derives substantial revenue from the performance of the above-described services within New York, including the Eastern District of New York.

57.     Upon information and belief, at all times relevant herein, Defendants engaged in a persistent course of conduct within the State of New York.

58.     Upon information and belief, at all times relevant herein, Corporate Defendant derives substantial revenue from interstate and international commerce.

59.     At all times relevant herein, Defendants purposefully transacted business within the State of New York, including the Eastern District, within the meaning of N.Y. C.P.L.R. § 302(a)(1).

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

60.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

61.     Corporate Defendant discriminated against Plaintiff by terminating Plaintiff from employment because of her disability, her record of disability, and/or because of Corporate Defendant's perception that Plaintiff was disabled.

62.     By engaging in such discrimination, Corporate Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

63.     As a proximate result of Corporate Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

64.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

65.     Corporate Defendant and Defendant Lowndes discriminated against Plaintiff by terminating Plaintiff from employment because of her disability, her record of disability, and/or because of Defendants' perception that Plaintiff was disabled.

66.     Through her actions, Defendant Rollins aided and abetted such discrimination.

67.     By engaging in such discrimination, Defendants violated the New York Executive Law §§ 292 and 296 et seq.

68.     As a proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

69.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

70.     Corporate Defendant retaliated against Plaintiff by terminating Plaintiff from employment because Plaintiff engaged in protected activity with respect to her disability.

71.     By engaging in such retaliation, Corporate Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

72.     As a proximate result of Corporate Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

73.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

74.     Corporate Defendant and Defendant Lowndes retaliated against Plaintiff by terminating Plaintiff from employment because of her Plaintiff engaged in protected activity with respect to her disability.

75.     Through her actions, Defendant Rollins aided and abetted such retaliation.

76.     By engaging in such retaliation, Defendants violated the New York Executive Law §§ 292 and 296 et seq.

77.     As a proximate result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future

earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

JURY TRIAL DEMAND

78.     Plaintiff requests a jury trial in this matter.

WHEREFORE, Plaintiff requests judgment:

i.      Granting Plaintiff compensatory damages against Corporate Defendant for its violations of the Americans with Disabilities Act of 1990 and New York Executive Law;

ii.     Granting Plaintiff punitive damages under the Americans with Disabilities Act against Corporate Defendant for its intentional and bad faith violations of the Americans with Disabilities Act

iii.    Granting Plaintiff compensatory damages against Defendants for their violations of New York Executive Law;

iv.     Granting Plaintiff compensatory and punitive damages against Defendants for the mental anguish and emotional distress caused by Defendants' discriminatory and retaliatory actions against Plaintiff;

v.      Granting Plaintiff her costs, pre- and post-judgment interest, and reasonable attorney's fees; and

vi.     Granting Plaintiff such other and further relief as seems just and proper to the Court.

Dated:  Rhinebeck, New York
        September 2, 2021

/s Russell G. Wheeler
Russell G. Wheeler (RW0687)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff Eileen Stapleton
